THE STATE, FRANCIS J. E. TETRAULT, RELATOR, v. THE CITY OF ORANGE.

The statute of February 17th, 1892 (*Pamph. L.*, *p.* 24), purporting to fix at three years the term of office of city physician in all cities in which it was not previously fixed by authority of law, and to take from such cities the power of diminishing the salary attached to that office, is special, and therefore unconstitutional, under art. IV., § 7, ¶ 11, of the state constitution.

---

On application for *mandamus.*

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the relator, *Edward L. Price.*

For the defendant, *Charles A. Lighthipe.*

The opinion of the court was delivered by

DIXON, J.    The relator applies for a *mandamus* directing the city of Orange to pay him the salary attached to the office of city physician, for a time subsequent to October 17th, 1892, on which day the common council of the city passed a resolution declaring vacant that office previously held by him. He admits that he was appointed by the council under the eighth section of the city charter (*Pamph. L.* 1869, *p.* 182), which enacts that officers appointed thereunder shall continue in office until the office shall be declared vacant, but he insists that by force of a statute approved February 17th, 1892 (*Pamph. L., p.* 24), he became entitled to hold the office for a term of three years thereafter; while the city contends that the statute is unconstitutional, as special legislation regulating the internal affairs of towns.

Upon this ground alone is the application for *mandamus* resisted.

The statute undoubtedly attempts to regulate the internal affairs of the cities to which it relates, by fixing the official term of city physicians therein at three years and forbidding any diminution of their salary, and it applies only to city physicians whose term of office was not previously fixed under authority of law. The question is, Does this restriction render the act special?

The cities which are excluded from the operation of the act are Paterson and Trenton, whose charters (*Pamph. L.* 1871, *p.* 808, § 12, and *Pampn. L.* 1874, *p.* 331, § 17) expressly provide for city physicians with a term of one year; Rahway, Bayonne and Passaic, whose charters (*Pamph. L.* 1865, *p.* 499, §§ 18, 19; *Pamph. L.* 1872, *p.* 686, §§ 23, 35, and *Pamph. L.* 1873, *p.* 484, § 9) warrant the appointment of such officers with a like term, and perhaps some other cities. The cities which are embraced within the scope of the act appear to be Newark, Jersey City, Camden, New Brunswick, Elizabeth, Orange, Hoboken, and probably others, by whose charters the tenure of such offices seems to last only during the pleasure of the appointing power. In 1889 two legislative attempts

were made to have a definite term assigned to the office of city physician in cities of the second class (*Pamph L.* 1889, *pp.* 153, 328), but these attempts seem to have been adjudged futile. *Helfer* v. *Simon,* 24 *Vroom* 550. Even if these acts were valid, it does not appear that the term of any city physician has been fixed in pursuance of the authority which they confer, and therefore their provisions could have no effect in the pending case.

The rules thoroughly settled in this state for distinguishing between general and special laws under our constitution are, that in order to be general the law must embrace an entire class of objects; that, if it deals with municipalities, they must either compose what by common consent is regarded as a class, such as all cities or all townships, or they must differ from other municipalities in some peculiar characteristic to which the law relates and which is important enough to afford a reasonable ground for the legislation intended. If the statute excludes from its purview a single member of a class thus defined, it becomes special.

The point for consideration, therefore, now is, whether the fact that, in Paterson, Trenton, Rahway, Bayonne and Passaic, the pre-existing law fixed the term of office of the city physician at one year, affords any substantial reason for the refusal of the legislature in 1892 to put those cities upon the same basis as the other cities of the state, with respect to the term of office of the city physician and the control which the municipal authorities should have over his salary.

The statement of the question in this concrete form at once, I think, suggests the appropriate answer. The mind seeks in vain for a rational ground of discrimination between Paterson and Camden, between Trenton and Hoboken, between Passaic and Orange, connected with the objects of this statute.

The act under review is special, and therefore void.

The rule for a *mandamus* must be discharged, with costs.