THE STATE, EUGENE GOLDBERG, RELATOR, v. IRVING H. DORLAND.

The act of the legislature entitled "An act to amend an act entitled 'An act respecting the election and terms of office of the clerk and collector or receiver of taxes in certain towns, and boroughs and townships,' approved April fourth, one thousand eight hundred and ninety-one," which amendatory act was approved March 24th, 1892 (*Pamph.*

*L.*, *p.* 258), and which provides "that in all towns, boroughs, and in all townships governed by or under a special charter, the terms of office of the clerk and of the collector *and* receiver of taxes hereafter elected or appointed therein, shall be the period of two years," is, so far as it applies to townships, unconstitutional under article 4, section 7, paragraph 11, subdivision 3, of the amended constitution of this state. The classification of townships into those "governed by or under a special charter" and those not so governed, is not of such a nature as to require or sustain exclusive legislation for each class.

On demurrer to an information in the nature of *quo warranto.*

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the demurrant, *Collins & Corbin.*

For the relator, *Edward Kenny.*

The opinion of the court was delivered by

LIPPINCOTT, J. This case is on demurrer to an information in the nature of *quo warranto.* The question is whether the respondent is an intruder into the office of treasurer of the township of Kearney, in the county of Hudson.

This township was originally created and organized under the general laws of this state relating to townships.

The township of Kearney is now governed by a special charter. The act is entitled "An act for the improvement of the township of Kearney, in the county of Hudson, and to increase the powers of the township committee in said township," approved April 6th, 1871. *Pamph. L., p.* 1371.

By the first section of this act it is provided that thereafter the township committee should consist of five members, to be elected as now provided by law for the election of township committees in the townships of this state, and that they shall be denominated "The Board of Township Committee of the Township of Kearney," and by that title they should have all the powers of a municipal corporation necessary for

executing the objects and purposes of the special act of incorporation or special charter. The act confers upon the township committee a considerable diversity of powers, and imposes duties quite extensive in their character—quite up to the standard usually required for an ordinary city government. The power to make appointments to certain offices, to enact ordinances, to make appropriations of money for the purposes of the act, to levy, collect and disburse taxes; lay out and improve streets, impose special assessments and many other kindred powers are fully conferred.

By the twelfth section the board of township committee of the township are authorized to appoint a township treasurer, to hold office for one year and until another be appointed in his stead. By other sections of the charter, the treasurer was empowered to perform many duties, among which were the duties of the collection of all state, county and township taxes; to pay the county collector all state and county taxes so collected; to collect all arrearages of taxes and all special assessments for benefits on account of the opening or improvement of streets in the township, and to receive, safely keep and disburse all moneys of the township, under the direction of said board of township committee, and to do and perform and execute all other powers and duties usually performed by the collectors of townships. This act does not provide for the election or appointment of any collector or receiver of taxes.

Under the provisions of this act the relator, on May 2d, 1893, was appointed by the board of township committee of that year treasurer of the township for the term of one year and until another should be chosen in his stead. Under this appointment he duly qualified in accordance with the provisions of the charter.

The respondent is in the exercise of the duties of the office of treasurer of the township under this charter, which is still unrepealed and in force, and rests his claim to the office upon an appointment made on May 2d, 1892, by the board of township committee of that year, in accordance with the provisions of an act entitled "An act respecting the election and terms of

office of the clerk and collector or receiver of taxes in certain towns, boroughs and townships," approved April 4th, 1891 (*Pamph. L., p.* 417), as amended by an act approved March 24th, 1892 (*Pamph. L., p.* 258), which amendment in the first and only section provides "that in all towns and boroughs, and in all townships, governed by or under a special charter, the terms of office of the clerk, and of the collector and receiver of taxes hereafter elected or appointed therein, shall be for the period of two years, and all persons who shall be hereafter elected and appointed to said offices, or any of them, shall hold for two years and until their successors in office shall have been duly qualified."

Now it is to be observed that there are townships in this state upon which by legislative enactment special charters have been conferred, but they are no less townships than they were before they were governed either wholly or partially by special laws. They are neither towns nor boroughs as those appellations are commonly understood in legislative enactments or judicial determinations. This questioned statute recognizes these distinctions, and it is neither to be assumed nor determined that specially-chartered townships are either towns, villages or boroughs. The question of the constitutionality of this statute is raised here, and while that question will not turn upon a mere question of correct nomenclature, yet the distinctions which the statute itself makes between these different local municipal divisions of the state will be regarded in the consideration of the question. Under this act the terms "towns" and "boroughs" are not inclusive of "townships governed by or under a special charter." The township of Kearney, although originally organized under the general law of the state, became, in 1871, before the adoption of the recent amendments to the constitution, to be governed under and by a special charter.

In the consideration of this matter a serious question arises, whether this amendatory statute of 1892, to which reference has been made, has any application to the township of Kearney, the charter of which fails to create or designate any such offi-

cial as collector or receiver of taxes, while it does specifically designate a treasurer and define his duties. The statute of 1892 has but one section, and that provides for the appointment and term of office of a collector and receiver of taxes, without at all defining the duties of such an office, and the special charter of the township in question neither designates the existence of any such official nor defines his powers and duties, and therefore it would appear, neither by reference nor in any other manner can the act of 1892, in question here, have any relation whatever to this township.

But assuming this act to have such relation, it needs but a statement of its provisions, so far as they apply to townships —and it is only in reference to townships that the act is at all considered—to clearly demonstrate that they are in contravention of article 4, section 7, paragraph 11, subdivision 3, of the amended constitution of this state, which provides that the legislature shall not pass private, special or local laws regulating the internal affairs of towns and counties. Special laws relating to townships have been held by this court to be within the terms of this inhibition of the constitution. Viewed, therefore, in the light of this fundamental provision, this statute is within this prohibition. It will be perceived that this act does not apply to all municipalities of the same class —that is, to all townships—but only to the designated few of the class, namely, those "governed under and by a special charter." I think it would be a vain inquiry to ascertain a rational ground of discrimination between townships governed under and by a special charter and other townships in this state, connected with the objects of this statute. There is no distinguishing feature in this act showing a fair relation between the class legislated for and the purpose of the legislation, and which in this respect segregates this class from other municipalities of the same character. *In re Passaic*, 25 *Vroom* 156, 159.

Townships are a class by themselves, and have no very important differences, unless it be the difference in population; otherwise they are as generally alike as possible. And yet

the only characteristic pointed out to justify the objects of this statute is the fact that this township is governed by a special charter, whilst other townships, the same class of municipalities, alike in all respects, are governed and regulated by general laws.

The rules thoroughly settled in this state for. distinguishing between general and special laws, under our constitution, are that, in order to be general, the law must embrace an entire class of objects; that if it deals with municipalities, they must either comprise what by common consent is regarded as a class, such as all cities and townships, or they must differ from other municipalities of the same class in some peculiar characteristic to which the law relates, and which is important enough to afford reasonable ground for the legislation intended. If the statute excludes from its purview a single member of a class thus defined, it becomes special. *Tetrault* v. *Orange,* 26 *Vroom* 99.

The mere fact that certain townships in this state have at some time or other obtained special enactments, conferring upon the township committee greater powers than the township committees in other townships are possessed of, is not the acquisition of such a substantial difference or characteristic as will serve as a basis of classification of such municipalities or such local governmental divisions of the state as to require or sustain exclusive legislation. What can be the distinction in this aspect between such a township, alike in all other respects, and any other township, so far as its reasonable and substantial needs are concerned? There must be something more than a designation of such a characteristic. There must be such a rational basis of classification as to mark the objects so designated as peculiarly requiring exclusive legislation. *Van Riper* v. *Parsons,* 11 *Vroom* 9; *Rutgers* v. *New Brunswick,* 13 *Id.* 51; *State* v. *Hammer, Id.* 440; *Van Giesen* v. *Bloomfield,* 18 *Id.* 442; *Dobbins* v. *North Hampton,* 21 *Id.* 496; *State* v. *Clayton,* 24 *Id.* 277; *Helfer* v. *Simon, Id.* 550; *Stahl* v. *Trenton,* 25 *Id.* 444; *Tyler* v. *Plainfield, Id.* 526, 529.

The classification attempted in this statute in relation to

townships is nothing more than a legislative pretence, and is without any reason for bringing under it only townships governed by or under a special charter, and it is too clear to need further discussion that such a classification is illegal and the act unconstitutional, and that therefore the respondent was entitled to no office or term of office by virtue of its provisions.

There must be judgment of ouster against the respondent. The relator claims title to the office which the respondent holds, and of which he is exercising the duties, and as his title is fully set out in the information, judgment may pass in his favor in this respect, that the relator be admitted to the office which he claims.