BURTON E. CANFIELD v. DAVID DAVIES.

1. The act of April 14th, 1891 (*Pamph. L.*, p. 417), which provides that in all towns and boroughs and all townships having a population of ten thousand inhabitants or over, according to the last census, the terms of office of the clerk, collector and receiver of taxes should be for two years, is unconstitutional.

2. A law, to be general, must embrace an entire class of objects. If it deals with municipalities they must either comprise what by common consent are regarded as a class, such as all cities or all townships, or they must differ from other municipalities in some peculiar characteristic to which the law relates and which is important enough to afford a reasonable ground for the legislation.

---

On *quo warranto* and demurrer to the writ.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the relator, *Charles L. Corbin.*

For the defendant, *Joseph Parker, Jr.*

The opinion of the court was delivered by

DEPUE, J.　The contest in this case is over the office of clerk of the township of Kearney.

The charter of the township of Kearney provides that the township committee shall appoint a clerk, who shall hold office for one year or until another is appointed in his stead. *Pamph. L.* 1871, *p.* 1371.

Both parties claim under appointments by the township committee.　Canfield, the relator, was appointed April 20th, 1896 ; Davies, the incumbent and defendant, was appointed April 19th, 1897.　Reckoning one year from his appointment, which is the term of office prescribed by the township charter, the relator's office expired in April, 1897, and the defendant's appointment was regular.

To maintain title to the office beyond the one year to which the term was limited by the charter of the township the relator relies upon the act of April 14th, 1891.　*Pamph. L., p.* 417.　This act was amended by the act of 1892.　*Pamph. L., p.* 258.　The latter act being unconstitutional and so declared by this court in *Goldberg* v. *Dorland,* 27 *Vroom* 364, the act of 1891 remained and is in force.

The question material to the decision of this controversy is whether the act of 1891 is itself constitutional.　The act provided that the terms of office of clerk, collector and receiver of taxes thereafter elected or appointed should be for two years.　The act also provided that it should take effect immediately.　It was passed before the relator was appointed clerk, and if valid gave him a term of two years.

The act applies only to " all towns and boroughs and all townships having a population of ten thousand inhabitants or over according to the last census."　The township of Kearney had a population of ten thousand four hundred and eighty-seven by the state census of 1895, which was promulgated according to law January 15th, 1896.　The relator was appointed on April 20th, 1896.　In the summer of 1895 the borough of East Newark was formed out of the territory of Kearney township.　It is said that the excision

of this territory with its inhabitants in fact reduced the population of what was left of Kearney township below ten thousand. We have no means of ascertaining how much the population was lessened by the separation of this territory, nor how much the remaining part was increased, by the increase of population. The act makes the population as exhibited by the last preceding census the criterion by which the townships comprised in the legislation shall be ascertained and is its own interpreter.

The question discussed by counsel is whether the statute is founded on a constitutional classification. At the date of its passage, of the two hundred and forty-eight townships in this state only two came within the purview of the act.

The act for the formation, establishment and government of towns, passed March 7th, 1895 (*Gen. Stat., p.* 3525), provides for the incorporation of the inhabitants of any town, village, borough or township which has or hereafter may have a population exceeding five thousand inhabitants by the name and title of the town of, &c., whenever the question of incorporating under the act is submitted and so decided by a majority of the voters thereof at any such election. This act provides for the election of town clerk at the annual town election, to hold office for the period of two years, and provides otherwise a scheme for municipal government. It is a general law in force throughout the state, and its provisions are open to be accepted by a popular vote whenever the requirements of the act are complied with. *State* v. *Borough of Clayton,* 24 *Vroom* 277. The township of Kearney has not become incorporated under this statute.

The relator's title rests on the act of 1891, which confers the right to hold office for a period of years upon townships containing a population of ten thousand and upward. The question is whether this classification is valid.

The rule is settled in this state that a law, in order to be general, must embrace an entire class of objects; that if it deals with municipalities they must either comprise what by common consent are regarded as a class, such as all cities or

all townships, or they must differ from other municipalities in some peculiar characteristic to which the law relates, and which is important enough to afford a reasonable ground for the legislation. If the statute excludes from its purview a single member of a class thus defined it becomes special. *Tetrault* v. *Orange*, 26 *Vroom* 99, 101; *Helfer* v. *Simon*, 24 *Id.* 550; *Goldberg* v. *Dorland*, 27 *Id.* 364.

There being no distinguishing feature in this act showing a fair relation between the class legislated for and the purpose of the legislation, and which in this respect segregates this class from other townships, the classification on which the act is based is vicious. *Goldberg* v. *Dorland, supra.* For it cannot be shown, at least it is not apparent to the court, that there is any substantial distinction between townships of ten thousand inhabitants and other townships in the state, which requires the former to be designated as a class by themselves in the matter of the term of office of the clerk.

There should be judgment on the demurrer for the defendant.