CHARLES SNEATH, RELATOR, v. WILLIAM J. MAGER, RESPONDENT.

Submitted July 10, 1899—Decided November 13, 1899.

1. The act entitled "An act respecting the election and terms of the clerk and collector or receiver of taxes in certain towns, boroughs and townships," approved April 14th, 1891 (*Pamph. L.*, *p.* 417), is unconstitutional. It is special and not general; it does not embrace the entire class of objects to which the legislation is directed.
2. The act is unconstitutional also because it contravenes paragraph 4, section 7 of the constitution of this state, "that every law shall embrace but one object, and that shall be expressed in the title." The title is deceptive in that it imports a regulation of "certain towns, boroughs and townships."
3. The town clerk of the town of Guttenberg is elected for only one year, or for the term of office of the councilmen, in whom the power to appoint such clerk is reposed, in accordance with the provisions of the act "An act to incorporate the town of Guttenberg." *Pamph. L.* 1859, *p.* 199.

On demurrer to a plea to an information in the nature of *quo warranto.*

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the relator, *Corbin & Corbin.*

For the respondent, *Randolph, Condict & Black.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The information is at the relation of Charles Sneath, who claims to be entitled to the office of the town clerk of the town of Guttenberg.   The information set out that the power to elect a person to that office is vested in the town council, by virtue of an act of the legislature, entitled "An act to incorporate the town of Guttenberg," approved March 9th, 1859, and that by that act the term of office was fixed for one year and until his successor should be chosen, and that by an act entitled "An act respecting the election and terms of the office of the clerk and collector and receiver of taxes in certain towns, boroughs and townships," approved April 14th, 1891, it was provided that the term of office should be extended for a period of two years and until a successor should be appointed and qualified; and that the relator is a voter in said town, and duly qualified to hold said office, and was duly elected thereto by the town council on the 21st day of April, 1898, gave bond and entered upon the duties of his office, and is entitled to hold and use said office until the expiration of the said two years, and that the respondent has entered into and holds said office without any legal warrant.

The respondent filed a plea to the information, in which he avers that on the 21st day of April, 1898, one William E. S. Statham was elected town clerk; that in the resolution of appointment his term was fixed at two years; that he held and used the office until April 15th, 1899, on which date he resigned, and the relator was at that time elected for the unexpired term of said Statham, and that at that time he entered upon the duties of his office.   The plea further avers that on the 10th day of May, 1899, at a regular meeting of the town council, which had been elected at the April election in said town, it elected and appointed the respondent town clerk for the ensuing year in accordance with the act of 1859, and that he now occupies and performs the duties of said office as he has the right to do.

To this plea a demurrer has been filed.   Many of the aver-

ments of the information and plea have been here omitted; enough only has been stated to show the point of controversy.

The only question presented by these pleadings is whether the town council can legally appoint a town clerk for a term of more than one year. If he can be appointed for two years, then the relator, being elected for the unexpired term of Mr. Statham, is entitled to hold said office until April 15th, 1900, and the town council in May, 1899, had no power to elect the respondent. The question therefore is whether the office of town clerk has the term of one or two years affixed to it by law.

By the third section of the act entitled "An act to incorporate the town of Guttenberg," approved March 9th, 1859 (*Pamph. L., p.* 199), it is provided that power shall be vested in five councilmen who shall hold " their offices for the term of one year and until their successors shall be chosen." Section 4 provides that the said councilmen may, for the transaction of the business of the town, appoint a clerk and treasurer " to hold their offices respectively during the term of office of the councilmen making such appointment."

It is conceded that if these provisions of the town charter have application, then the election of Mr. Statham was only for the councilmanic year, and that when he resigned the relator could only be elected to fill so much of such year as remained unexpired, and consequently the election of the respondent on the 10th day of May following was legal in every respect, and entitled him to hold that office for one year or until the expiration of the term of office of the councilmen electing him. The election of the relator, under the charter of the town, was a perfectly legal election, but it is contended that his term ended with the councilmen who elected him, and the new councilmen had the right to select a new clerk.

The relator relies entirely upon the provisions of an act entitled "An act respecting the election and terms of office of the clerk and collector or receiver of taxes in certain towns, boroughs and townships," approved April 14th, 1891. *Pamph. L., p.* 417; *Gen. Stat., p.* 3438.

The first section of this act provides "that in all towns and boroughs and in all townships and boroughs having a population of ten thousand according to the last census, the term of office of the clerk and collector or receiver of taxes hereafter elected or appointed therein shall be for the period of two years, and all persons who shall hereafter be elected or appointed to said office or any of them shall hold office for two years and until their successors in office shall have been duly elected or appointed."

An act amendatory of this act of 1891, approved March 24th, 1892 (*Pamph. L., p.* 258 ; *Gen. Stat., p.* 3438, § 712), which provides "that in all towns, boroughs and in all townships governed by or under a special charter, the term of the office of the clerk and of the collector and receiver of taxes hereafter appointed therein shall be for the period of two years, was by this court adjudged unconstitutional so far as it had application to townships. *Goldberg* v. *Dorland,* 27 *Vroom* 364.

The act of 1891 has also, upon a consideration of the provisions applicable to townships having a population of ten thousand inhabitants, been decided unconstitutional. *Canfield* v. *Davis,* 32 *Vroom* 26. In this latter case the consideration arose over the terms of a clerk elected by the township committee of the township of Kearney, elected under the act of 1891, and where the charter of the township of Kearney (*Pamph. L.* 1871, *p.* 1371), provided that the township committee had the power to appoint a clerk, who should hold office for one year and until another was appointed in his stead.

The syllabus in this case, without qualification, states that "the act of April 14th (*Pamph. L.* 1891, *p.* 417), which provides in all towns and boroughs and all townships having a population of ten thousand inhabitants or over according to the last census, the term of office of the clerk, collector and receiver of taxes should be for two years, is unconstitutional." It will be noticed that the consideration of the statute in this was not with reference to the title, but to the text of the

act, and that from such consideration it was held that the act did not embrace an entire class of objects, and that it was a special act. It would appear, therefore, that this decision governs in this case. There appears to be no qualification in the decision which would save any portion of the statute.

But the relator claims that the opinion in that case cannot be considered as an authority here, because it only dealt with the statute so far as townships of the class mentioned are concerned, and that the provisions of the act relating to townships can be segregated from the act, and that part relating to towns and boroughs stand as a complete and severable act of legislation.

But this contention leaves out of consideration that with the objects of legislation provided for by this piece of legislation, one cannot be eliminated from the act, and the residue stand, unless the belief is warranted that the legislature would have passed the statute as it would stand after the excision if the invalid provision had been made, and in the consideration of the question whether the excision can be made, and in the construction of the statute to ascertain whether it can be segregated, it is a presumption that it was the intention of the legislator that each and every part of the act should be effective. *Cooley Const. Lim.* (6th ed.) 209 ; *Attorney-General* v. *Anglesea*, 29 *Vroom* 372; *Attorney-General* v. *Dover*, 33 *Id.* 40. The purpose of this legislation was to govern townships having a population of ten thousand inhabitants and over, and a withdrawal of that class of municipalities from the statute defeats the intention of the act. It must be seen that this act is inseparable in its provisions, and its classifications must be taken together as a whole, and as inseparable. The legislature grouped these objects of legislation together, and intended so to do, and judicial determination cannot separate them. There is nothing on the face of the statute to warrant the belief that the legislature would have passed the statute if the vicious provision had not existed in the enactment. The frame of the statute is such, in relation to the subject-matter in substance, as to give rise clearly to the conclusion

that the act was intended to relate to townships of the character therein named, as the special object of the legislation.

It is also further seen that the title to this act is both defective and deceptive. If it is defined or construed to embrace all towns, boroughs and townships, that is to legislate respecting them all, the body of the act restricting the operation of the act among other municipalities, to townships which contain only a certain specified population, the act becomes unconstitutional, because of its deceptive title. *Johnson v. Asbury Park,* 31 *Vroom* 428. If the title be read as it stands, then the object of the act as expressed in its title was applicable only to "certain" towns, boroughs and townships. This can by no means be construed to extend to, or include, all such municipalities. It strikes the natural mind that it must necessarily exclude some of the class to which it refers, and it does not by any fair or reasonable intendment indicate with any degree of clearness to what classes of these municipalities the act is intended to apply. No municipality would know by reference to this title alone whether it was included in or excluded from the provisions of the act.

The beneficial provision of the constitution, section 7, paragraph 4, that the object of the act should be expressed in the title, has been disregarded.

The demurrer must be overruled and judgment on *quo warranto* must pass for the respondent.