SAMUEL H. GREY, ATTORNEY-GENERAL, v. THE MEMBER-
AT-LARGE AND TOWN COUNCIL OF THE TOWN OF
UNION.

Submitted December 7, 1901—Decided February 24, 1902.

1. Municipalities "having a special charter" or "governed by a special
act of incorporation" do not constitute a class for which exclusive
legislation is constitutional.
2. *Goldberg* v. *Dorland*, 27 *Vroom* 364, followed.

On demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON,
COLLINS and PITNEY.

For the relator, *Hudspeth & Pusler* and *Horace L. Allen.*

For the defendant, *Frederick Frambach.*

The opinion of the court was delivered by

GARRISON, J. The case of *Goldberg* v. *Dorland*, 27 *Vroom*
364, settles the law in this court to the effect that "the classi-
fication of townships into those governed under or by a special
charter," and those not so governed, is not of such a nature
as to require or sustain exclusive legislation for each class.
*Parker* v. *Newark*, 28 *Id.* 83; *Johnson* v. *Hoover*, 29 *Id.* 334.

The demurrer to the relator's information places in issue
the constitutionality of the act of March 20th, 1891. *Pamph.
L., p.* 201.

The purpose of that act is to give to certain municipalities
the power to adopt the internal machinery provided by its
terms. One of the distinguishing features to be possessed by
each member of the class upon which this legislation is opera-
tive is that it shall either have a special charter or be governed
by a special act of incorporation. I am unable to distinguish
the case the court is now called upon to decide from those
that already it has decided.

The act in question is invalid.

The relator is entitled to judgment.