STATE v. JOHN J. NEALON ET AL.

Argued June 13, 1905—Decided November 13, 1905.

The supplement, approved March 30th, 1905, to the act entitled "An act to remove the fire and police departments in the cities of this state from political control," approved May 2d, 1885, is a special act to regulate the internal affairs of cities, and therefore is unconstitutional.

On demurrer to plea in matter of *quo warranto*.

Before Justices DIXON, GARRISON, GARRETSON and SWAYZE.

For the state, *Gilbert Collins.*

For the defendants, *Thomas F. Noonan.*

The opinion of the court was delivered by

DIXON, J.   At the last February Term of this court the attorney-general, *ex officio,* filed an information against the defendants charging that they unlawfully exercised the franchises of a board of police commissioners in the city of Bayonne, under color of a supplement, approved March 30th, 1905, to an act entitled "An act to remove the fire and police departments in the cities of this state from political control," approved May 2d, 1885, which supplement the information alleges to be unconstitutional and void, as being a special law regulating the internal affairs of cities.   To the plea of the defendants insisting upon the validity of the supplement the attorney-general demurred, setting forth with his demurrer various reasons for holding the supplement to be unconstitutional, among them that stated in the information.

We think that reason is sufficient.

The act of 1885 (*Gen. Stat., p.* 1551) applies to all cities in the state which, by vote of the citizens, accept the act, and

directs that in each of those cities a board of police commissioners, consisting of four residents in the city, shall be appointed by the mayor and council; that two of the commissioners shall be selected from each of the two political parties which polled the greatest number of votes at the last preceding municipal election, and that every successor of any of these commissioners shall be selected from the same political party as his predecessor.

The supplement of 1905 (*Pamph. L., p.* 155) applies only to cities having a population numbering between twelve thousand and one hundred thousand, in which police commissioners have not been appointed in pursuance of any law of this state. It authorizes the mayor alone, in his discretion, to appoint a board of police commissioners, consisting of four residents in the city, not more than two of whom shall be of the same political party, but directs that the successors of the commissioners shall be appointed in the manner directed in the act of 1885.

The effect of the original act is to vest the perpetual control of the police department in members of the two political parties which, at the municipal election last preceding the acceptance of the act, polled the greatest number of votes, and the effect of the supplement is to vest such control in members of those political parties out of which the mayor selects his first appointees. I find it somewhat difficult to perceive how such legislation has for its object the removal of the department from political control, as the title of the act declares.

But, waiving that matter, the supplement must be adjudged unconstitutional on the ground that it is a special act to regulate the internal affairs of cities.

It attempts a classification of cities on the basis of population, but it excludes from its operation those cities which, although their population is within the prescribed number, have police commissioners appointed in pursuance of other statutes. Hoboken is such a city, and there police commissioners are to be appointed without regard to their party affiliations. It is impossible to suggest a substantial reason for discriminating between Hoboken and other cities of the desig-

nated size, with respect to the mode of selecting the police commissioners. The decision of this court in *Tetrault* v. *Orange,* 26 *Vroom* 99, is directly in point. The classification attempted is unreal.

The attorney-general is entitled to judgment.