THE STATE, EX REL. ERNEST C. STAHL, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON.

The supplement to "An act concerning official newspapers in cities of this state," approved April 11th, 1889, is a special law for the regulation of an internal affair of cities, and, therefore, is unconstitutional.

On rule for *mandamus*.

Argued at February Term, 1892, before Justices DIXON, REED and GARRISON.

For the relator, *Chauncy H. Beasley.*

For the defendant, *John Rellstab.*

The opinion of the court was delivered by

DIXON, J. The relator applies for a writ of *mandamus* directing the authorities of the city of Trenton to designate "The New Jersey Staats Journal" as an official newspaper of the city in accordance with a supplement to "An act concerning official newspapers in cities of this state," approved April 11th, 1889. *Pamph. L., p.* 260. The city opposes the application upon the ground that the supplement is a special act purporting to regulate the internal affairs of cities, and is, therefore, unconstitutional.

The supplement directs that "in all cities in which a newspaper, printed in the German language, shall have been published, at least, once a week for a period of not less than three years prior to the passage of this act, such newspaper, printed in the German language, shall be designated as an official newspaper of the city," &c.

In the official newspapers of the cities in this state various municipal proceedings are required to be printed at municipal expense. This is the sole object of their designation. What newspapers shall be so selected is, therefore, a matter of merely

local concern, and manifestly this act attempts to regulate an internal affair of the cities to which it applies.

Consequently, the question arises whether it is general or special. It relates, not to all cities, but to those only in which a German newspaper had been published for three years before its passage. The fact of the publication of a German newspaper for three years before April 11th, 1889, is made the sole basis for the classification of cities, in order to determine whether they shall be required to publish their municipal proceedings in a German newspaper. The characteristic thus made the basis of the legislative classification of cities, is one to which the purpose of the law relates; but, in my judgment, it is not one of sufficient importance to warrant the classification. To have such efficacy, the characteristic must, in some reasonable degree, justify the peculiar legislation attempted, and render it appropriate to the municipalities affected, while it would be inappropriate to others. *Richards* v. *Hammer*, 13 *Vroom* 435; *S. C.,* 15 *Id.* 667; *Long Branch* v. *Sloane*, 20 *Id.* 356. There seems to be no substantial reason why cities which, on April 11th, 1889, had German newspapers of three years standing, should be compelled to publish their municipal proceedings in such a paper, while those cities which thereafter should have newspapers of the same sort, should not be required to do so. Such a division of cities is not classification in any proper sense. Legitimate classification rests on the qualities of objects; not on the particular time when those qualities are acquired. *Pavonia Horse R. R. Co.* v. *Jersey City*, 16 *Vroom* 297; *Pierson* v. *O'Conner, ante p.* 36.

The supplement is deemed special, and, therefore, unconstitutional.

The application for a *mandamus* must be refused, with costs.