THE STATE, JAMES H. WILSON ET AL., PROSECUTORS, **v.** THE INHABITANTS OF THE CITY OF TRENTON ET AL.

1.  The supplement to "An act concerning official newspapers in cities of this state," approved March 22d, 1886, is a special law for the regulation of an internal affair of cities, and therefore is unconstitutional.
2.  Statutes empowering municipal authorities to publish their proceedings in newspapers, mean newspapers published in the English language, unless some other language is indicated.
3.  "An act in relation to city printing and official advertising in cities of the second class in this state," approved April 8th, 1892 (*Pamph. L.*, *p.* 414), supplants all previous legislation on the same subject-matter.
4.  Under the statute last mentioned, the consent of the mayor is necessary to the validity of a resolution of the common council.

On *certiorari.*

Argued at February Term, 1894, before Justices Dixon and Abbett.

For the prosecutors, *William M. Lanning.*

For the defendants, *Edwin Robert Walker* and *Buchanan & Rellstab.*

The opinion of the court was delivered by

Dixon, J.   The question in this case is whether a supplemental ordinance, passed July 18th, 1893, by the common council of the city of Trenton over the veto of the mayor, requiring all subsequent municipal ordinances and notices to be published in a German newspaper, is valid.

In *Stahl* v. *Trenton,* 25 *Vroom* 444, this court held that the supplement to "An act concerning official newspapers in cities of this state," approved April 11th, 1889, was special and therefore unconstitutional, because confined to cities in which the German newspaper to be designated as official had been published for three years prior to the passage of the supplement.   For a like reason, the supplement to the same

act, approved March 22d, 1886 (*Rev. Sup., p.* 736), must be condemned.

Except these two enactments, all laws empowering municipal authorities to publish their proceedings in newspapers (so far as we have discovered) are silent with regard to the language in which the newspapers must be published, and therefore, according to *Publishing Co.* v. *Jersey City,* 25 *Vroom* 437, only newspapers published in the English language can be employed. This conclusion defeats the ordinance.

But the ordinance is subject to another objection.

"An act in relation to city printing and official advertisements in cities of the second class in this state," approved April 8th, 1892 (*Pamph. L., p.* 414), declares that it shall be lawful for the common council, board of aldermen or other governing body, with the consent of the mayor, of any city of the second class in this state to designate by resolution the official newspaper or newspapers published in any such city, in which shall be solely published all official notices, ordinances, advertisements, minutes and official proceedings relating to the municipal affairs of such city, and that all inconsistent acts and parts of acts, general, special, local and private, are repealed.

This statute seems to provide a complete scheme for the designation of official newspapers in cities of the second class, and consequently, under the rule sanctioned by the decisions in *Roche* v. *Jersey City,* 11 *Vroom* 257 ; *Haynes* v. *Cape May,* 23 *Id.* 180, and *Central Land Co.* v. *Bayonne, ante p.* 297, it supplants and annuls all earlier laws having the same purpose.

As Trenton is a city of the second class, the consent of the mayor was, by this act, made necessary to the validity of the council's resolution.

The ordinance must be set aside, with costs.