THE STATE OF NEW JERSEY v. JOSEPH P. RIORDAN.

Argued February 27, 1907—Decided June 10, 1907.

1. An act of the legislature which regulates the internal affairs of only those towns having a population of ten thousand, wherein the board of aldermen, or common council, consists of an even number of members, and wherein such members are elected by wards, is special, and, therefore, unconstitutional and void.

2. An allegation that a statute is unconstitutional because it is a special law regulating the internal affairs of towns—the infirmity being apparent on the face of the statute—is not a mere inference of law, but a statement of a fact.

3. In a proceeding brought to test the validity of the title of a municipal officer, the municipality is not a necessary party, unless the legality of its existence is involved in the controversy.

---

Demurrer to information in the nature of *quo warranto* filed by the attorney-general.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the demurrant, *Michael T. Barrett* and *Chandler W. Riker.*

*Contra, Robert H. McCarter,* attorney-general, and *Gilbert Collins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The information in this case challenges the right of the defendant to hold the office of mayor of the town of Harrison. It sets out that the defendant claims to be entitled to the office by reason of an election held under authority of an act of the legislature, entitled "An act to provide for the election of a mayor in incorporated towns of this state, and to regulate his duties and term of office," approved March 25th, 1904 (*Pamph. L., p.* 94), and avers that the act is unconstitutional for the reason that it is a special act regulating the internal affairs of towns, and that consequently the office which the defendant claims to hold has no legal existence.

The body of the act which is challenged by the attorney-general is as follows: "In each of the incorporated towns of this state now having, or that may hereafter have, a population of ten thousand inhabitants, according to the last preceding national or state census, and wherein the board of aldermen, or common council, consists of an even number of members, there shall be elected by all the legal voters of such incorporated town, in addition to the aldermen, or members of the common council now required to be elected by wards, a mayor, who shall hold his office for two years, and shall be a resident of such incorporated town; the said mayor shall, by virtue of such election, be the president of the common council or board of aldermen of such incorporated town, and shall possess and exercise all the power of a member of said common council or board of aldermen, and also the president thereof." The defendant, by his demurrer, admits that he holds his office by virtue of the provisions of the statute re-

cited. He contends, however, (1) that the statute is not unconstitutional; (2) that without regard to the constitutionality or otherwise of the statute, the information is fatally defective because it fails to set out the facts which render (as the attorney-general claims) the act unconstitutional, and (3) that the attorney-general has failed to make the town of Harrison a party to the litigation.

Taking up first the question of the constitutionality of the act of 1904. By its title it applies to all incorporated towns in the state. The body of the act, however, has no such scope. In the first place, it applies only to towns having a population of ten thousand or more; in the second place, it applies only to such of those towns having the population mentioned as have a common council consisting of an even number of members, and in the third place, it applies only to those towns in which the members of the common council are elected by wards.

It is entirely settled by our decisions that classification upon the basis of population is entirely legitimate for the purpose of legislation regulating the internal affairs of towns and counties, provided population bears a reasonable relation to the subject-matter of the legislation, and that, as a general rule, when the legislation concerns the machinery for the administration of municipal affairs, population affords a proper basis therefor. Consequently, if the act before us was applicable to all towns now or hereafter having a population of not less than ten thousand, it would, in our opinion, be a general law, and, therefore, unobjectionable. So, too, if the act applied to all towns in which the governing body was composed of an equal number of members, plausible reasons could be assigned for differentiating them from the whole mass of the incorporated towns of this state for the purposes of this legislation. It is difficult, however, to perceive any basis upon which incorporated towns, the members of whose governing bodies are not elected by wards, may be legitimately excluded from the operation of the act. The law to be general must embrace all, and exclude none, whose conditions and wants render such legislation equally necessary or appropriate to

them, and it goes without saying that the necessity or appropriateness of having a mayor who shall act as the presiding officer of the common council is in no way affected by the method by which the members of that council are chosen. It may be said that members of the common council in incorporated towns are always elected by wards. Assume this to be so. The fact remains that incorporated towns may hereafter come into existence whose members of council are not so selected, and such towns will be excluded from the privilege conferred by the act.

But it is not necessary to determine whether this feature alone renders the statute special and therefore unconstitutional. The act attempts to construct a class by the use of three combined incidents—population, equality of membership in council and method by which members of that body are chosen—and we are unable to perceive any relation between these three incidents and the legislation based upon them.

If equality in membership of council renders the legislation necessary or appropriate, why should it be limited to towns having a certain number of inhabitants, and not include towns in which those members are elected by wards? If the size of the town is the condition which justifies the legislation, why should it be limited by the equality or otherwise in the number of the members of the town council, or by the method in which they are selected? A combination of limitations no more unrelated than those contained in the present statute was held by this court to render an act which regulated the internal affairs of cities of this state special, and, therefore, unconstitutional, in the case of *Randolph* v. *Wood, 20 Vroom* 85; and the same view prevailed in the Court of Errors and Appeals when the case came before it on review. *S. C.,* on error, 21 *Id.* 175. We reach the same conclusion with regard to the act now under consideration.

The contention of the demurrant that the information of the attorney-general is fatally defective because it fails to set out the facts which render the act unconstitutional is justified, so it is argued, by the decisions of this court in the

cases of *Van Riper* v. *Parsons,* 11 *Vroom* 1, and *Attorney-General* v. *Fox,* 43 *Id.* 6. In the first of these cases the court had to do with a law which was general in its form, but which was averred to be special in its application, affecting but a single city of the state. The facts which so limited it in its application did not appear upon the face of the statute, and were not set forth in the information (*quod non apparet non est*), and the demurrer to the information was sustained. In the Fox case the information alleged that the statute under which the defendant held office was unconstitutional, and nothing more. The information being silent as to what provision of the organic law was violated, and no facts being recited in it by which the court could ascertain the ground upon which the allegation of unconstitutionality was rested, a demurrer to the information was sustained. In the present case the constitutional provision which the statute infringes is pointed out in the information, and the facts which render it special appear on the face of the act. The information therefore does not come within the condemnation of the cases appealed to by the demurrant.

The contention that the town of Harrison is a necessary party to these proceedings is, we think, unsound. In the cases relied upon to support it (*State* v. *Atlantic Highlands,* 21 *Vroom* 457; *Steelman* v. *Vickers,* 22 *Id.* 180) the title of a municipal officer was attacked upon the sole ground that the municipality itself had no legal existence. In a proceeding brought to determine such a question clearly the municipality is a necessary party—in fact, the only proper party—to the proceeding. In the present case no such question is involved. The municipality might, with propriety, have been joined as a party defendant. Its presence, however, was not necessary to give binding force to the decision of the matter in controversy, and the information is therefore not objectionable for failure to join it.

The attorney-general is entitled to judgment on the demurrer.