JEREMIAH SAWYER, RESPONDENT, v. TOWN OF KEARNY, APPELLANT.

Argued December 4, 1913—Decided March 2, 1914.

The act of 1909 to regulate the pay of patrolmen in cities other than first and second class cities and in all towns and townships is unconstitutional, because the double basis of classification of municipalities according to their common law character and according to their population is incongruous and not founded in reason.

On appeal from the Hudson Circuit Court.

For the plaintiff-respondent, *William D. Edwards.*

For the defendant-appellant, *Herbert Boggs* and *Edward Kenny.*

The opinion of the court was delivered by

SWAYZE, J.   The learned trial judge necessarily and properly followed the ruling of the Supreme Court in Longstreet *v.* Asbury Park (unreported) and gave judgment for the plaintiff.   This appeal in effect brings before us the propriety of that ruling.   The only point we think it necessary to consider is the constitutionality of the act of 1909, on which the plaintiff's claim rests.   *Comp. Stat., p.* 2465, *pl.* 531.   The act applies to all cities other than first and second class cities, and to all towns and townships.   It is therefore not a general act applicable to all municipalities having a police force, and the question is whether the municipalities selected form a proper class for legislation of this kind.   It is well settled that municipalities may be classified according to their common law character as cities, towns, townships.   It is equally well settled that they may in a case like this be classified according to population.   The question now presented is whether the two methods may be combined.   In this act the legislature has separated cities according to population, and has thereby declared that population shall be the

basis of classification. If so, no city of proper size should be excluded from the benefit or burden of the act. By legislating for all towns in the same act the legislature has declared that towns of more than twelve thousand population are entitled to the benefit and subject to the burden of the act, for there are in the state several towns with a greater population. This amounts to a legislative declaration that a population of twelve thousand is not too large to come under this act. This declaration, however, is inconsistent with the other provision that excludes second class cities, many of which are substantially of the same population as the larger towns. In short, the legislature having adopted population as the basis of the classification, immediately departed therefrom. The double basis of classification is incongruous and not founded in reason.

The judgment must be reversed and the record remitted. Unless the plaintiff's claim has some other basis than the statute, the necessary result will be that the Circuit Court must render judgment for the defendant.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 12.