EDMUND WILSON, ATTORNEY-GENERAL, EX REL. ALFORD B. COOK, RELATOR-RESPONDENT, v. DAVID H. RAMSEY, DEFENDANT-APPELLANT.

Submitted July 7, 1913—Decided March 16, 1914.

Section 2 of the act entitled "An act concerning police in municipalities" (*Pamph. L.* 1907, *p.* 442) contravenes the constitutional prohibition of local or special laws regulating the internal affairs of towns and counties, in that it creates either a double or impossible classification, as it either excludes municipalities where police officers are removable only for cause and in which no such officers have served five years, or renders impossible therein any appointment on the force above the rank and file until some officer has served for that period.

On appeal from the Supreme Court.

For the appellant, *Foster M. Voorhees.*

For the respondent, *William R. Wilson.*

The opinion of the court was delivered by

PARKER, J.  This appeal brings up a judgment of the Supreme Court upon an information in the nature of a *quo warranto* by the attorney-general against the appellant, Ramsey, acting as chief of police of the city of Rahway.  The claim made in the information was that Ramsey was appointed chief of police in violation of the provisions of an act of 1907 (*Pamph. L., p.* 442; *Comp. Stat., p.* 2464, *pl.* 527, 528); entitled "An act concerning police in municipalities."  The attack on Ramsey's tenure of the office in question was based on section 2 of the act of 1907, which provides that "in municipalities where members of the police force are or may be removable only for cause after hearing, no person shall be appointed or promoted to any such office on the police force above the rank and file of the force, by whatever name designated, unless such person shall have served continuously as a member of such force for at least five years."  The words "such office" evidently refer to the latter part of section 1, which speaks of "the appointment of officers of the force above the rank and file thereof by whatever name designated."

Ramsey was appointed in 1911, not having served continuously as a member of the force for five years, and as the Supreme Court properly said, if the statute is constitutional his appointment was unlawful.  The Supreme Court held that the statute was constitutional, considering only two objections to it, namely, (1) that dealt with in the case of *Beverly* v. *Waln,* 57 *N. J. L.* 143, and distinguished in *Kennedy* v. *Belmar,* 61 *Id.* 20, both Supreme Court decisions, that the title is too broad for the act itself, and (2) that classification of municipalities into those in which policemen are or may be removable only for cause and those in which they are not, is illusory.  As to the second objection we agree with

the Supreme Court that the classification is a most practical one, and as it includes not only municipalities in which tenure during good behavior now exists, but also those that may come into that class, we deem it to be quite unobjectionable.

With respect to the first point, we find it unnecessary to express any opinion or to discuss the bearing of the two cases cited, because the act seems to be plainly unconstitutional on another ground not discussed by the Supreme Court, namely, that section 2 creates an illusory or impossible classification. It provides, as we have seen, that in municipalities where members of the force are or may be removable only for cause, &c., no person shall be appointed to an office above the rank and file until he shall have served at least five years. Now this provision by its language does not seem to cover municipalities where there is at present no police force, and the members of whose force, when it shall be established, will be removable only for cause after a hearing; nor does it include municipalities now having a police force subject to such provision as to being removable and in which no member of the force has served for the period of five years. If we are to take this act as meaning what it says, it will be impossible for any such municipality with a police force less than five years old and with tenure during good behavior to appoint any new officer on the force until someone has served five years continuously. If, on the other hand, we construe the act as applying only to municipalities that have a police force of five or more years' standing, and in which officers are removable only for cause, a double classification is necessarily created, namely, a class of municipalities in which members of the police force are removable only for cause, after hearing, and which also have a police force composed partly or wholly of members that have served not less than five years. This seems to be such a double limitation of a class as was condemned in the case of *Helfer* v. *Simon*, 53 *N. J. L.* 550, where the title of the act covered all cities of the second class, but the body of the act restricted its operation to cities of the

second class that happened to have an officer called a "city physician." Similar features are found in the case of *Gold-berg* v. *Dorland,* 56 *Id.* 364, where the act related to such townships as were governed by a special charter.

The act of 1907 being in violation of the constitutional provision in the particular mentioned, must be held to be invalid, and, therefore, the judgment of the Supreme Court ousting the appellant from office must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 10.