PENSION COMMISSION OF THE POLICE AND FIRE DE-
PARTMENT OF THE CITY OF ATLANTIC CITY, RE-
LATOR, v. ATLANTIC CITY FIRE DEPARTMENT PEN-
SION FUND, RESPONDENT.

Argued November 1, 1921—Decided February 21, 1922.

1. A corporation formed under chapter 65 of the laws of 1905 for
   the purpose of providing and maintaining a fund to pension
   firemen, their widows, &c., in certain municipalities of this state
   having a paid fire department, may be abolished by an act of the
   legislature, and the funds under its control directed to be turned
   over to a board or body appointed or formed under the new
   statute for administration for like purposes.
2. Upon the creation of the Pension Commission of the Police and
   Fire Department of the City of Atlantic City under chapter 160
   of the laws of 1920, the Atlantic City Fire Department Pension
   Fund created under chapter 65 of the laws of 1905 was abolished
   and its duty was to turn over to the commission created under
   the 1920 statute the funds and securities under its control. It
   having refused to do so, a peremptory writ of *mandamus* will be
   awarded.

On *mandamus*.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the relator, *Joseph B. Perskie.*

For the respondent, *Lewis Starr.*

The opinion of the court was delivered by

KATZENBACH, J. This case is before us upon a demurrer to
the return of an alternative writ of *mandamus* and a motion
to strike the same out. In the proceedings the Pension Com-
mission of the Police and Fire Department of the City of
Atlantic City is the relator, and the Atlantic City Fire De-
partment Pension Fund is the respondent. In 1920, the leg-
islature passed an act, chapter 160 of the laws of 1920
(*Pamph. L., p.* 324), providing for the retirement of police-

men and firemen of police and fire departments of municipalities of this state and a pension for retired or disabled policemen and firemen, their widows, children, &c. The act provides in the fifth section thereof for the establishment of a pension commission of five members. In the seventh section thereof it is provided that "wherever there is established in any municipality a fund for the retiring and pensioning of members of the police and fire departments thereof, all boards or bodies having control of the same are hereby vacated, and all pension and retirement funds in their hands or under their control shall be turned over and come under the control and regulation of this act." The act further provides in the ninth section thereof that it shall take effect immediately in every municipality in which a fund for the retirement or pension of policemen or firemen or either is now in effect, but shall not take effect in other municipalities until adoption by the voters at a general election or special election called for such purpose. The act became operative in Atlantic City without adoption by a majority of the voters, as there were in that city funds for the retiring and pensioning of both policemen and firemen. The respondent, Atlantic City Fire Department Pension Fund, was incorporated under the provisions of chapter 65 of the laws of 1905. *Pamph. L., p.* 114. It has in its treasury cash and securities to the amount of $150,326.10.

The city of Atlantic City, under the act of 1920, established the Pension Commission of the Police and Fire Department of the City of Atlantic City, the relator in this case. The policemen of Atlantic City had in 1913 created a pension fund pursuant to an ordinance of the city passed July 31st, 1913, in accordance with paragraph 8 of chapter 72 of the laws of 1911. *Pamph. L., p.* 104. A commission was appointed under this act to manage the police pension fund. On January 1st, 1921, the commission having in charge the police pension fund turned over to the relator this fund, amounting to $9,197.88. The respondent has declined to turn over to the relator the fund of $150,326.10 in its custody. The purpose

of this proceeding is to compel the Atlantic City Fire Department Pension Fund to turn this fund over to the relator.

Chapter 160 of the laws of 1920 has been held to be constitutional by the Court of Errors and Appeals in the case of *Hulme* v. *Board of Commissioners of the City of Trenton,* 95 *N. J. L.* 545. The refusal of the respondent to turn over the funds and securities in its hands to the relator is based upon the contention that the formation of the respondent as a corporation under the provisions of chapter 65 of the laws of 1905 placed it beyond the power of the legislature to abolish it and to direct its funds to be turned over to a commission to be created under the 1920 act for the control and management thereof, and upon the further contention that by the creation of the respondent as a corporation for the purpose of providing and maintaining a pension fund each member of the fire department became vested with an interest in said fund which cannot be divested or affected by legislation which compulsorily divests the corporation of the control of this fund and gives to others an interest therein. The case of *Schwarzwaelder* v. *German Mutual Fire Insurance Co.,* 59 *N. J. Eq.* 589, is cited to sustain these contentions. In that case the complainant was a policyholder in a mutual company which sought to change itself into a joint stock company. The relation between the policyholder and the company was contractual. The court very properly held that not only had the complainant a standing in court for injunctive relief, but the change could only be made in the manner provided by statute and that the change could not be made against the will of a member whose contract had been entered into prior to the amendment authorizing the change. This was a case involving the right of a policyholder in a private corporation. The policyholder stood in her relation with the company in the position of a stockholder and with the rights of a stockholder. There is no such relation in this case between the members of the fire department and the respondent. While it is true that the Atlantic City Fire Department Pension Fund is in form a corporation, yet this form was given

to it merely as an arm of the municipal government, for the purpose of providing and maintaining a pension fund. The corporation was formed through a meeting of three delegates chosen by each fire company. These delegates, if favorable to the pensioning plan, were to recommend to the municipal board having control of the fire department four trustees. The appointment of the four trustees, who were to act with the chief engineer in the management of the fund, was under the act to be made by the board of fire commissioners. Subsequent appointments were also to be made by the board of fire commissioners. The corporation attorney was directed to act under the direction of the board of trustees in legal matters without additional compensation. The fund was to be obtained from the percentage of the premiums for insurance effected by foreign companies in the municipalities and which theretofore had been paid to local firemen's relief associations, free from permits issued by the board of fire commissioners, the sale of old materials and property of the department other than real estate, license fees collected from owners and lessees of theatres and taxes imposed upon the sale or storage of explosives. Some of the features of the act were changed by the supplements to the act, chapter 221 of the laws of 1907 (*Pamph. L., p.* 535), and chapter 257 of the laws of 1913. *Pamph. L., p.* 486. Throughout these acts there is evinced a legislative purpose to insure to those engaged in a hazardous occupation financial assistance for themselves or their dependents in the event of retirement, injury or death. This purpose and the provisions for its accomplishment are functions of municipal government. They are not the creation of those rights which obtain between a private corporation and its stockholders, or if it be a mutual insurance company, of its policyholders.

The 1920 act takes nothing away from the firemen of Atlantic City. Its provisions would seem to provide for increased revenues for retirement and pensioning purposes. Even if it were otherwise, we are of the opinion that it was within the power of the legislature to enact the law of 1920

and to provide for the formation of the relator and to direct that the funds of the respondent be turned over to the relator, as the funds under the control of the respondent clearly fall within the provisions of section 8 of the act of 1920, above quoted, and are funds in which the respondent or the firemen of Atlantic City have no vested interest. Municipalities are the creatures of the legislature. Their forms of government can be changed by the legislature. The act of 1920 is but the expression of the legislative will and purpose to make changes in the control, administration and sources of retirement and pension funds.

The respondent calls attention to the denial in the answer of the existence of a fund for the retirement and pensioning of policemen or firemen. The denial in the answer of a material allegation prevents until the determination of the fact the issue of a peremptory writ of *mandamus.* The answer, however, admits in the twelfth paragraph the existence of a fund for the retirement and pensioning of policemen and the payment to the relator of the sum of $9,197.88. This admission, we think, deprives the denial made in the tenth paragraph of the effect it otherwise would have and makes the provisions of the 1920 act applicable to the respondent.

A peremptory writ of *mandamus* is awarded.