THE STATE, EX REL. THE MORRISTOWN FIREMEN'S
RELIEF ASSOCIATION, A CORPORATION OF NEW JER-
SEY, RELATOR, v. JOHN K. BONIFACE, HENRY M.
SMITH, BARTHOLOMEW W. CLIFFORD AND FRED A.
TROWBRIDGE, TRUSTEES OF MORRISTOWN FIRE DE-
PARTMENT CHARITABLE FUND, RESPONDENTS.

Submitted December 3, 1923—Decided March 15, 1924.

**Firemen's Relief Associations—Right to Fund Derived From
Foreign Insurance Companies.**

On application for *mandamus*. On rule to show cause.

Before Justices TRENCHARD and CAMPBELL.

For the relator, *Edward L. Stanley, Jr.*

For the respondents, *King & Vogt* and *Robert H. Schenck.*

PER CURIAM.

The relator, a corporation organized and existing under
"An act concerning firemen's relief associations" (*Pamph. L.*
1885, *p.* 144; *Comp. Stat., p.* 2430, § 414 *et seq.*), holds a rule
to show cause why a peremptory writ of *mandamus* should
not be granted requiring the respondents to pay over forth-
with any and all funds, securities and investments in their
hands from whatever source received to such corporation.
The respondents are the present trustees of Morristown fire
department charitable fund, a trust created by the legislature
in 1869 by an act entitled "An act to establish a fund in the
town of Morristown for the relief of indigent and disabled
firemen and their families." *Pamph. L.* 1869, *p.* 298.

The agreed statement of facts shows that the respondents
have in their possession about $78,000 of funds derived in
large part since 1885 from the two per cent. tax imposed by
the laws of this state upon the premiums paid for fire insur-

ance covering property in this state written in foreign fire insurance corporations. This two per cent. tax is collected by virtue of the statute entitled "An act to facilitate the collection from fire insurance companies not organized under the laws of this state, but doing business herein, and from agents and brokers, of certain premiums for the benevolent funds of the several duly incorporated firemen's relief associations in this state." *Pamph. L.* 1885, *p.* 310; *Comp. Stat., p.* 2444, § 457 *et seq.*

The respondents are required by the second section of the act creating them to administer a fund for "the relief of such indigent and disabled firemen or their families as may in the opinion of the trustees be entitled to its benefits."

The object of corporations formed, as relator was, under the "Act concerning firemen's relief associations," is set forth in section 23 of that act. *Comp. Stat., p.* 2437, § 436 : "To establish, provide for and maintain a fund for the relief, support or burial of indigent exempt firemen and their families and of such persons and of the families of such persons as may be injured or killed while doing public fire duty or may become indigent or be disabled, or may die as the result of their doing such duty, or may be prevented by such injury or by sickness arising from their doing such duty from attending to their usual occupation or calling."

In the act under which relator was incorporated there is a paragraph directing the transfer of assets held "for the relief of indigent or disabled firemen" from the hands of persons holding such assets to any new corporation formed under that act. This is section 6 and the pertinent parts read as follows : "That in case * * * in anywise howsoever, any person or persons, or association or corporation, shall have in possession or charge any moneys derived from any source whatsoever, for the relief of indigent or disabled firemen, or any balance thereof, or any property purchased therewith, or any securities in which the same may have been invested, * * * then and thereafter, upon the legal organization and incorporation hereunder of a firemen's relief association in such city, town, * * * there shall forthwith be

paid over, assigned and conveyed, to such new corporation, any money, accounts payable, property and securities remaining in possession or charge of such old association or corporation, or of any person or persons, or association or corporation whatever, for its use or otherwise, or any money, property or securities to which it may be entitled, at law or in equity, derived as aforesaid," &c. *Comp. Stat., p.* 2433, § 419.

In the act which provides for the two per cent. tax (*Pamph. L.* 1885, *p.* 310; *Comp. Stat., p.* 2444, § 457, above mentioned), which is the sole source of respondent's income, except the fines belonging to the fire department and donations, there is an almost identical provision requiring the transfer of assets held by any persons for the relief of indigent or disabled firemen to a duly incorporated firemen's relief association when formed. It is found in section 7 of *Pamph. L.* 1885, *p.* 310.

It further appears by the agreed statement of facts that demand has been made by relator upon respondents for the transfer of such funds, pursuant to such statutory requirement, but that such demand has not been complied with, and this writ is sought to compel such compliance.

It has very recently been adjudicated in a *mandamus* proceeding that a similar transfer was legal. *Pension Comm.* v. *Atlantic City Fire Department Pension Fund,* 116 *Atl. Rep.* 271; *affirmed,* 121 *Id.* 781. In that case, as in this, the respondents were trustees of a fund for foremen and their families, and the fund was derived in part from the same tax from which the fund in dispute in the present case was derived. The Supreme Court said that it was within the power of the legislature to direct that the funds of the respondent be turned over to the relator, finding that there was no vested interest in such funds by the beneficiaries thereof. The Court of Errors and Appeals, in affirming the judgment of the Supreme Court directing the issuance of a peremptory writ, held that the *question of a vested interest in the fund was not in issue; that the only question involved was the change of one legislative trustee for another.* That

is in substance the only issue presented on the application for a peremptory writ in this case, and, therefore, we are not now concerned with the contention of the respondents that the class and number of the beneficiaries of the Morristown fund has been enlarged by chapter 75 of *Pamph. L.* 1922, *p.* 143. As we have seen, the legislature, in 1869, established four trustees of a fund in the town of Morristown, for the relief of indigent and disabled firemen. In 1885, by identical provision in two separate statutes, it directed that upon the creation, organization or incorporation of a firemen's relief association under the act of 1885, providing for such incorporation, any and all persons who were then trustees of funds for the relief of indigent and disabled firemen should transfer such funds to such new trustee, namely, the corporation there authorized.

The right of relator is clear and a peremptory writ of *mandamus* will be allowed, with costs.