JAMES WESTERVELT, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF TENAFLY, DEFEND-ANT.

Submitted January 29, 1926—Decided May 4, 1926—Filed June 19, 1926.

**Municipalities—Ordinances—Police Promotions—Constitutionality of Chap. 192 of 1922—Prosecutor of Writ Challenged Promotion of a Policeman Which Had Been Made by Virtue of an Ordinance, as Against the Provisions of Act 1922, c. 192—Provisions of That Act Considered, and Its Unconstitutionality Declared, as Falling Within the Class of Cases Having a Double Limitation—The Act Only Affects Promotions in Police Departments Which Have Been in Existence at Least Three Years Prior to the Passage of the Act—The Classification is Illusive.**

On writ of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *James S. De Turck.*

For the defendant, *Le Roy Vander Burgh* (*Wendell J. Wright,* of counsel).

PER CURIAM.

This case is before this court by virtue of the allowance of a writ of *certiorari* directed to the mayor and council of the borough of Tenafly, in the county of Bergen. The writ brings up for review the appointment of Chester E. Campbell, as sergeant of the police department of Tenafly.

Mr. Campbell was appointed on February 27th, 1925. The appointment was made by the board of police commissioners. It was approved by the mayor and council at a meeting held on February 27th, 1925. The appointment took effect from March 15th, 1925.

On February 13th, 1925, an ordinance was passed by the borough council of Tenafly entitled "An ordinance to establish, maintain, regulate and control the police department in the borough of Tenafly, and to prescribe and establish just rules and regulations with respect to such department." The ordinance created a board of commissioners and designated the rank of the members of the police department. It further provided that the chief of police, the captain, lieutenant, detective sergeant and police sergeant should be appointed by the board of police commissioners with the approval of the majority of the members of the borough council. It also designated the qualifications of the members of the department and the salaries each was to receive.

The prosecutor, a resident and taxpayer of the borough of Tenafly, seeks to set aside the appointment of Campbell, who was a patrolman, as sergeant. The prosecutor relies upon the provisions of a statute known as chapter 192 of the laws of 1922. This act provides that "wherever in any municipality of this state, other than a city of the first class, a police department has been in existence for at least three years prior to the passage of this act, the promotions to superior positions shall be made from the membership of such police

department as constituted at the time of such promotion; provided, however, that no person shall be eligible to promotion to a superior position unless such person shall have served for a period of at least three years in the grade of patrolman." This act was passed March 11th, 1922. It is admitted that Campbell first became a member of the Tenafly police department as a patrolman on November 1st, 1923. He, therefore, at the time of his appointment as sergeant, had not served on the police force for a period of three years in the grade of patrolman. There was a patrolman who had been there for more than three years and who was eligible to appointment to the office of sergeant.

The respondent contends that chapter 192 of the laws of 1922 is unconstitutional, as it contravenes paragraph 11 of section 7 of article 4 of the state constitution, which provides that "the legislature shall not pass private, local or special laws in any of the following enumerated cases, that is to say, * * * regulated the internal affairs of towns and counties, &c. The legislature shall pass upon such laws provided for the cases enumerated in this paragraph, and for all other cases which, in its judgment, may be provided for by general laws." If the act of March 11th, 1922, is unconstitutional, then the appointment of Mr. Campbell is a valid appointment. An examination of chapter 192 of the laws of 1922 has brought us to the conclusion that the act is unconstitutional. We base this view, however, not upon the exclusion of cities of the first class from the operation of the act, but because the act only affects promotions in police departments which have been in existence for at least three years prior to the passage of the act, and does not relate to promotions in police departments which have not been in existence for at least three years prior to the passage of the act. We think this classification illusive. It falls within that class of cases which contain a double limitation of a class. This subject was considered in the case of *Cook* v. *Ramsey*, 86 *N. J. L.* 263. In that case the act under review provided that no person should be promoted unless such person should have

served continuously as a member of the police force for at least five years. Mr. Justice Parker, in writing the opinion in Cook *v.* Ramsey, said that the provision did not cover municipalities where there is at present no police force, nor did it include municipalities where no member of the force had served for a period of five years. The act was held un-constitutional. Legislation like the act under review would, if sanctioned, permit the legislature to pass an act which would a₁ply to a single municipality. This is what we think the constitution inhibits.

The writ of *certiorari* is dismissed and the appointment of Mr. Campbell as sergeant is affirmed. Costs are awarded to the defendant.