ELIZABETH A. BENNETT, RELATOR, v. EDWARD W. LEE, DIRECTOR OF REVENUE AND FINANCE, AND FREDERICK W. DONNELLY, EDWARD W. LEE, WILLIAM J. MULLEN, WILLIAM TETTEMER AND GEORGE W. GUTHRIE, THE POLICE AND FIRE PENSION COMMISSION OF TRENTON, NEW JERSEY, RESPONDENTS.

Submitted January 27, 1928—Decided June 11, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Henry M. Hartmann.*

For the respondents, *Charles E. Bird.*

The opinion of the court was delivered by

TRENCHARD, J. The relator, Elizabeth A. Bennett, is the widow of James W. Bennett, who was at the time of his death, on February 23d, 1927, a member of the fire department of the city of Trenton, having been retired from active duty January 10th, 1921, on a yearly pension of $1,750, pursuant to section 1 of chapter 160 of *Pamph. L.* 1920, *p.* 324. On March 23d, 1927, the relator applied to the police and fire pension commission of Trenton for a pension, as the widow of Bennett, for the use of herself and her children, and demanded that her name be placed on the pension roll, and that such pension be paid to her pursuant to the provisions of the statute of 1920. That application was considered and denied, and she then obtained this rule to show cause why her application should not be granted.

It appears that her application was denied solely because her deceased husband was more than fifty years of age when he married the relator.

We think that, under the circumstances of the present case (which we shall hereinafter more fully point out), such application was rightly denied.

It is stipulated that Bennett married the relator on May 1st, 1910, and was then fifty-six years of age; that chapter 160 of laws of 1920 took effect immediately in the city of Trenton and a police and fire pension commission was established, and that pursuant to the provisions of section 1 of the act Bennett was retired on a pension in 1921.

Section 1 of the act of 1920 provides that the widow of a retired member of the police or fire department shall be entitled to a pension; "provided, however, that she was married to her said deceased husband before the date of his retirement and before he arrived at the age of fifty years." That language is clear and unambiguous, and the act "is the expression of the legislative will and purpose to make changes in the control, administration and sources of retirement and pension funds" (*Pension Commission* v. *Atlantic City*, 97 *N. J. L.* 117, 121), and on its face, in the circumstances here presented, excludes the relator from a pension.

Nevertheless, the relator makes the broad claim that "the act of 1920 did not deprive her of the right of a pension to which she was entitled under chapter 65 of laws of 1905, *p.* 114."

In support of that claim the relator points to the stipulation that "an association was organized in the city of Trenton under chapter 65 of the laws of 1905, and was duly incorporated June 16th, 1905, pursuant to the provisions of that act, for the relief of members of the fire department of said city (of which Bennett was a member), their widows, dependent parents and children; that the constitution and by-laws of such association provides, among other things, that the pension fund thereof shall be provided for and sustained 'by one per cent. of the salary received by members of the department'; that said sum of one per cent. was deducted from the monthly salary of James W. Bennett, the deceased husband of the relator, and paid to the treasurer of said corporation from the time of the organization thereof to the time of his retirement from active service in the fire department of said city."

The relator's claim above stated is based upon the contention that the contribution made by Bennett to the pension

fund thus established was a voluntary contribution creating a vested right in the fund, and hence "the legislature had no power to deprive the relator of a pension as a widow of a deceased member of the fire department."

But the contribution made by Bennett to the pension fund established pursuant to the act of 1905 was not a voluntary contribution.

An examination of the act of 1905 discloses that the pension fund set up by the incorporation under the statute was provided and sustained by setting aside certain sources of public income, and by assessments against salaries of members of the department, the trustees of the corporation being expressly authorized by the statute to "assess and collect from each and every member of such department a sum not exceeding one per centum of his salary," and further providing that "such assessment and collection shall be made in manner and form as may be provided in the by-laws of the corporation." As we have pointed out, it is stipulated that the by-laws of the corporation provided, among other things, that the pension fund shall be provided for and sustained "by one per cent. of the salary received by members of the department, and that said sum of one per cent. *was deducted from the monthly salary of James W. Bennett, the deceased husband of the relator, and paid to the treasurer of said corporation from the time of the organization thereof to the time of his retirement from active service in the fire department of said city."* In view of that stipulation it seems unnecessary to refer to the amendments of *Pamph. L.* 1910, *p.* 502, and *Pamph. L.* 1913, *p.* 486, of the act of 1905, except to say that no changes were made thereby which concern the relator's present case. The assessment authorized by the statute operated against all of the members of the department, whether they gave their assent or not.

It is seen, therefore, that Bennett's contribution to the pension fund was a compulsory contribution, and not one that he elected to make on a specified condition (*Barnett v. Pension Commission,* 100 *N. J. Eq.* 473) ; nor is the relator's case one in which any particular payment under a pension has become due.

Now, the rule is that compulsory deductions from the salary of governmental employes by the authority of the government for the support of a pension fund creates no contractual or vested right between such employes and the government, and neither such employes nor those claiming under them have any rights except their claims be based upon and within the statute governing the fund. See cases collected in note 37, *Am. & Eng. Ann. Cas.* 751.

The corporation set up under the act of 1905 having been dissolved by the act of 1920 (*Pension Commission* v. *Atlantic City*, 98 *N. J. L.* 794, 795), the relator had no vested rights under the former act at the time of Bennett's death in 1927.

Since the relator is not entitled to the pension sought by the *mandamus* applied for, the rule to show cause will be discharged. If the relator desires to review this decision she may enter a rule allowing and directing a molding of the pleadings for that purpose.