KATHERINE ERION, PLAINTIFF, v. BOARD OF PENSION COMMISSIONERS OF THE CITY OF HOBOKEN, AND BOARD OF COMMISSIONERS OF THE CITY OF HOBOKEN, NEW JERSEY, DEFENDANTS.

Decided February 23, 1933.

For the plaintiff, *Chandless, Weller & Selser.*

For the defendants, *Horace L. Allen.*

ACKERSON, S. C. C. By consent of counsel this case has been submitted to me as a Circuit Court judge for decision without a jury on the pleadings and stipulated facts.

The plaintiff is the widow of Henry Erion, a deceased member of the fire department of the city of Hoboken, and she claims a pension as such widow by virtue of *Pamph. L.* 1929, *ch.* 292, entitled: "An act to validate and provide for the payment of pensions in municipalities of this state under certain circumstances." Approved May 6th, 1929.

From the pleadings and stipulated facts it appears that the validity of her claim depends primarily upon the constitutionality of the above mentioned legislation which is questioned by the third separate defense set forth in the defendant's answer.

The above entitled act (*Pamph. L.* 1929, *ch.* 292, *p.* 682) provides as follows:

1. "Whenever, in any municipality of this state, any person has been a member of and shall have contributed to a pension fund in accordance with the provisions of a statute providing for the creation of such a fund for a period of ten years or more and by another statute of this state such mem-

ber of such fund shall have been transferred to another pension fund, in the case of the decease of such member of such pension fund, any person or persons dependent for support on such member of such pension fund shall be entitled to receive such pension as may have been provided for in the act creating the pension fund to which such deceased person shall have contributed prior to his transfer to such other pension fund as if such deceased person had not been so transferred, and the payment of such pension to such dependents in accordance with the provisions of such original pension act is hereby validated."

2. "All acts or parts of acts inconsistent with this act are hereby repealed and this act is to take effect immediately."

From the pleadings and stipulated facts, I find that the plaintiff's claim comes within the provisions of the above quoted statute and should be allowed unless the defendant's contention, as raised in their third separate defense, that the statute in question is interdicted by article 4, section 7, paragraphs 4 and 11 of our state constitution is sound.

It is conceded that Henry Erion became a member of the fire department of the city of Hoboken on June 1st, 1891, and continued so to be until May 1st, 1925, when he was retired as hereinafter stated. On January 28th, 1907, the city of Hoboken adopted the provisions of chapter 65 of the laws of 1905 (2 *Comp. Stat.* 1910, *pp.* 2448, *&c.*), and there was created a pension fund for the firemen of said city, from which date there was deducted from the salary of said Erion and paid into said pension fund the percentage required to be so paid.

The plaintiff married said Henry Erion on July 17th, 1917, when he was fifty-three years of age and before his retirement from said fire department. He died December 18th, 1926. The plaintiff was dependent on him for support and has never remarried.

Subdivision 4 of section 11 of the aforesaid act of 1905, under which the original pension fund was created, provided, *inter alia,* as follows:

"When any officer or man in such department shall die

after having been retired and pensioned, his widow shall receive from such fund an annual pension equal to the pension received by such officer or man at the time of his death, to be paid in equal monthly installments to such widow during her widowhood, provided, however, that said widow had been married to such officer or man previous to the date of his retirement."

This act of 1905 was superseded by chapter 160 (*Pamph. L.* 1920 (2 *Cum. Supp. Comp. Stat., p.* 2376), under which all previous pension funds were turned over to the commission created by the 1920 act and subject to the provisions thereof.

As herein above stated, said Henry Erion was retired from service on May 1st, 1925, pursuant to the provisions of chapter 160 of the laws of 1920 and granted a pension of one-half of his annual salary or $1,125 per annum. From the time of the creation of said pension fund in the city of Bayonne on June 28th, 1907, up until the time of his death on December 18th, 1926, the said Erion paid all assessments and contributions required for the aforesaid pension fund.

If chapter 65 of the laws of 1905 had been in effect at the time of Henry Erion's death, his widow would undoubtedly have been entitled to a pension under the provisions thereof, because she had married him before his retirement, and there was no qualification therein as to marriagable age for pension purposes.

At the time of his death, however, the last mentioned act had been superseded by chapter 160, *Pamph. L.* 1920, and section 1 thereof, while providing for the payment of a pension to the widow of a deceased member of the pension fund, nevertheless, contained this further proviso:

"Provided, however, that she was married to her said deceased husband before the date of his retirement and *before he arrived at the age of fifty years.*"

It is contended that the plaintiff married the deceased before his retirement, but *after* he had reached the age of fifty years, so she was not entitled to a pension as his widow under the provisions of chapter 160, *Pamph. L.* 1920, which act

was in effect at the time of his death on December 18th, 1926. And the plaintiff does not now claim, nor is she entitled to a pension as such widow under the superseded act of 1905, upon the theory of a vested right in said pension fund. This was decided in a previous action brought by this plaintiff against these defendants on May 7th, 1928, upon the last mentioned theory, which action resulted in a judgment in favor of the defendants and against the plaintiff, based upon the well settled principle that compulsory deductions from the salary of governmental employes by authority of the government for the purpose of a pension fund, creates no contractual or vested right between such employes and the government, and neither such employes nor those claiming under them have any rights except their claims be based upon and within the statute governing the fund at the time a question relating thereto arises. *Bennett* v. *Lee et al.,* 104 *N. J. L.* 453; 142 *Atl. Rep.* 362; *Pension Commission of Police and Fire Department of Atlantic City* v. *Atlantic City Fire Department Pension Fund,* 97 *N. J. L.* 117; 116 *Atl. Rep.* 271; *Pennie* v. *Reis,* 132 *U. S.* 464.

Following the adverse result of plaintiff's previous action, chapter 292, *Pamph. L.* 1929, was passed, and the plaintiff's present action is based upon the provisions thereof, as herein above quoted, claiming that it has the effect of restoring her to the status she would have had under chapter 65, *Pamph. L.* 1905, if that act, instead of chapter 160, *Pamph. L.* 1920, had been in effect at the time of her husband's death.

The difficulty with the plaintiff's present claim, however, arises from the fact that chapter 292, *Pamph. L.* 1929, is of the type of legislation inhibited by paragraph 11 of section 7 of article 4 of the state constitution, which provides, *inter alia,* that:

"The legislature shall not pass private, local or special laws, in any of the following enumerated cases, that is to say * * * regulating the internal affairs of towns and counties," &c. "The legislature shall pass general laws providing for the cases enumerated in this paragraph, and for all other

cases which in its judgment may be provided for by general laws."

That the act in question attempts to regulate the internal affairs of municipalities there can be no doubt. *Alexander* v. *City of Elizabeth,* 56 *N. J. L.* 71; 28 *Atl. Rep.* 51. That it is special and not general legislation seems equally clear, for the classification of subjects thereby attempted is illusory, arbitrary, and such a double limitation of a class as to make the purpose of the act to fit a special situation very apparent, and it falls within the censure upon such legislation pronounced in the following cases: *Helfer* v. *Simon,* 53 *N. J. L.* 550; 22 *Atl. Rep.* 120; *Westervelt* v. *Mayor et al. of Tenafly,* 4 *N. J. Mis. R.* 579; 133 *Atl. Rep.* 753; *Stahl* v. *Trenton,* 54 *N. J. L.* 444; 24 *Atl. Rep.* 478; *State, ex rel. Richards* v. *Hammer,* 42 *N. J. L.* 435, 440; *State* v. *Post,* 55 *Id.* 264; 26 *Atl. Rep.* 683; *State* v. *Riordan,* 75 *N. J. L.* 16; 69 *Atl. Rep.* 494; *Sawyer* v. *Kearny,* 85 *N. J. L.* 625; 90 *Atl. Rep.* 306; *Wilson, Attorney-General,* v. *Ramsey,* 86 *N. J. L.* 263; 90 *Atl. Rep.* 265; *Kudlick* v. *Griffin,* 88 *N. J. L.* 573; 96 *Atl. Rep.* 561.

In determining whether a law is general or special, the court will look to its substance and necessary operation, as well as to its form and phraseology. *Mix* v. *Board, &c., of Perce County (Idaho),* 112 *Pac. Rep.* 215; 32 *L. R. A. (N. S.)* 534; *Ark-Ash Lumber Co.* v. *Pride & Fairley (Ark.),* 258 *S. W. Rep.* 335.

It will be especially noted that the 1929 act in its operation and effect, excludes the dependents of all firemen who were not such firemen in municipalities prior to the 1920 act, or who had not been members of a prior pension fund, contributing regularly thereto for a period of at least ten years prior to 1920. A simple illustration will serve to show the arbitrary and unjust character of the classification attempted by the legislation in question. Under the 1929 act a woman who had married a fireman before his retirement but after he had reached the age of fifty, providing such fireman had paid into a prior pension fund for ten years, might receive a pension as his widow, while a similar widow, whose husband

had only contributed to the *prior* pension fund for nine years but who in all had contributed to a pension fund for many more years than the first, would not receive the benefit of the pension. There seems to be no valid justification for excluding the latter class of widows from participation in the benefits attempted to be conferred by the act in question.

As was said in the case of *Stale* v. *Riordan, supra:*

"The law to be general must embrace all and exclude none, whose conditions and wants render such legislation equally necessary or appropriate to them."

It was said in *State, ex rel. Richards* v. *Hammer, supra,* that:

"The true principle requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which thus serve as the basis of classification must be of such a nature as to mark the objects so designated as peculiarly requiring exclusive legislation. There must be substantial distinction, having a reference to the subject-matter of the purposed legislation, between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree, at least, account for or justify the restriction of the legislation."

The principle test is tersely stated in *Stahl* v. *Trenton, supra,* where the court said:

"Legitimate classification rests on the qualities of objects; not on the particular time when those qualities are acquired."

Applying these tests to the act of 1929, it is apparent that it must fall under the ban against special legislation.

It has been argued that under the provisions of chapter 65, *Pamph. L.* 1905, firemen, in order to be retired and draw a pension, must have honorably served in the department for twenty years and have reached the age of sixty years, and that this is a double classification or double limitation of a class and is thereby subject to the same criticism as is directed against the 1929 act in question. The difference, however, is that the opportunities allowed under the 1905 act for re-

tirement and pension are open to all who in the future may come into the general class, whereas the 1929 act creates a monopoly for a favored group of dependents whose status is not fixed by the future but by the past. The only effect of the 1929 act is to remove the marriageable pension age limit created by chapter 160, *Pamph. L.* 1920, in favor of a special group of dependents whose classification rests not, as was said in *Stahl* v. *Trenton, supra:* "On the qualities of objects;" but "on the particular time when those qualities are acquired."

In other words the criticised legislation does not embrace all widows who would have been eligible to a pension under a prior statute, but only those whose husbands had contributed to the pension fund created by such prior statute for a period of at least ten years before being transferred to another pension fund created under a latter act.

The act of 1929 can never apply to the dependents of any member of a pension fund whose status was not already fixed at the time of the passage thereof. It applies to a special class, arbitrarily selected and not to a general class constantly available to new members as they reach a uniform standard as in the case of general pension legislation.

I, therefore, find that chapter 292, *Pamph. L.* 1929, is unconstitutional as violative of placitum 11 of section 7 of article 4 of the state constitution, in being special legislation, and as this finding is dispositive of the whole case, it is unnecessary to consider the other defenses set forth in the defendants' answer.

I, therefore, find for the defendants and against the plaintiff, a verdict of no cause of action.