ARTHUR R. RAYMOND, PROSECUTOR, v. TOWNSHIP COUNCIL OF TEANECK ET AL., DEFENDANTS.

Argued January 22, 1936—Decided July 11, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the writ, *Major, Back & Carlsen.*

*Contra, Donald M. Waesche.*

LLOYD, J. This is a *certiorari* to test a resolution of the township of Teaneck purporting to remove the prosecutor

from his office as assessor of the township. Removal is claimed to have been illegal upon seven grounds.

Raymond, the prosecutor, was appointed assessor by the township council on May 22d, 1934, to hold office at the pleasure of the council. Teaneck is a municipality governed by the municipal manager form of government. *Pamph. L.* 1923, *p.* 226; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2518, § ***136-703. This act provides that the municipal council shall appoint a municipal manager, an assessor, &c., and that all such officers so appointed shall hold office during the pleasure of the council.

The first ground of attack is that chapter 277 of the laws of 1935, page 886 (*N. J. Stat. Annual* 1935, *p.* 338, § 136-1229B(4), protected him in office for the period of five years from the date of his appointment.

This act, in section 1, provides as follows:

Any person now holding the position or office of tax assessor of any municipality of this state and/or any person who may be hereafter appointed or elected to the position or office of tax assessor shall hold his said office for a period of five years from the date of his election or appointment, and the terms of all officials now in office are extended for said period, so as to give to said incumbent a term of five years from the date of appointment or election; *provided,* that the provisions of this act shall not apply to the term of any tax assessor whose office may hereafter expire, but whose successor has been elected; *provided, however,* that nothing in this act contained shall be construed to modify or affect the provisions of an act entitled, "An act concerning the appointment and term of office of commissioners of assessment of taxes in certain cities," approved May 6th, one thousand nine hundred and twenty-nine, and *provided* further, that the provision of this act shall not apply to any municipality wherein the population is three hundred thousand or more."

Section 2 defines the term "tax assessor" as including assessors, members of boards of assessors, and all other persons charged with the duty of assessing real and personal property in municipalities, including municipalities governed by city manager form of government.

The act referred to in section 1 is chapter 326, *Pamph. L.* 1929, *p.* 743 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1101, § *136-1229J(1), and applies to cities having a population of not less than one hundred and thirty-five thousand nor more than two hundred thousand inhabitants, but only those which have commissioners of assessment.

A preamble to the act is set forth in the briefs and seems to have been attached to the bill (but does not appear in the state of the case) which reads as follows:

"Feeling that the office of tax assessor should be removed as far as possible from political influence, and also that better service can be rendered by assessors, when they realize that their terms are for a longer period, this bill is presented to accomplish that end. It is in the interest of more efficient tax assessments and improvement in the tax machinery of the state."

The act is attacked by the respondent as unconstitutional in two respects. The first is that the title is not sufficiently broad. We think it unnecessary to comment on this phase further than to say that we think it is.

The second contention is that it violates the provision of the constitution which prohibits the passage of special laws regulating the affairs of towns and counties, appointing local offices or commissions to regulate municipal affairs. Article 4, section 7, paragraph 11. 1 *Comp. Stat., p.* lxxvi.

Scores of laws have been passed under this provision of the constitution; the vast majority held valid, some of them held invalid. The test of invalidity we think was expressed by Mr. Justice Garrison in *Mortland* v. *Christian,* 52 *N. J. L.* 537, when he said that "the controlling question in each case is whether the provisions of the act are such as are germane to population * * *. If the provisions of the act are such that they would be equally appropriate to other counties of the state, then the classification adopted is illusory, not real, and the legislation is special." And in each instance the effort has been to determine this crucial question.

From the best analysis and thought that we have been able to give to the act, particularly in view of its announced objec-

tive, we cannot discover any sound reason why one body of assessors or one type of assessor should be continued in office in a given locality of the state and another performing the same service and holding the same office should be excluded. If continuance in office because of experience, security in office and freedom from political influence be desirable in a population up to one hundred and thirty-five thousand, it is difficult to understand why it should not be desirable in a population of from one hundred and thirty-five thousand to two hundred thousand or over three hundred thousand, and if desirable respecting assessors generally, why not equally desirable when the assessment is by commissioners of assessment in the excluded municipalities; why if not desirable in such municipalities should it be advisable in those municipalities where the assessments are by individual assessors, particularly in view of the second section of the act which makes it otherwise so comprehensive.

Not only is the classification illusory in character, but comes within the type of double classification condemned by the Court of Errors and Appeals in *Wilson, Attorney-General,* v. *Ramsay,* 86 *N. J. L.* 263; 90 *Atl. Rep.* 265.

The remaining reasons presented become unimportant in view of the conclusion we have reached touching the constitutionality of the act of 1935, and will not be discussed.

The resolution of removal is affirmed, and the rule to show cause why a writ of *mandamus* should not issue is discharged, with costs to the respondent under both proceedings.